UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦

**Combustion Products Management, Inc.,**

       **Plaintiff,**

    **-v-**          5:05-CV-00929

**AES Corporation and AES-Puerto Rico, L.P.,**

       **Defendants.**

♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦

APPEARANCES:

Office of Neil Wallace
Neil Wallace, Esq., of Counsel
P.O. Box 339
105 Cherry Street
Ithaca, New York 14851
Attorney for Plaintiff

Hiscock & Barclay, LLP
John D. Cook, Esq., of Counsel
Robert A. Barrer, Esq., of Counsel
One Park Place
300 South State Street
P.O. Box 4878
Syracuse, New York 13221-4878
Attorneys for Defendants

**Hon. Norman A. Mordue, D.J.:**

### MEMORANDUM-DECISION AND ORDER

### INTRODUCTION

In this action alleging breach of contract and fraud, defendants move to dismiss the complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The action, commenced May 13, 2005 by filing in the Tompkins County Clerk's Office, was removed here on July 25, 2005, on grounds of diversity. 28 U.S.C. § 1441. For the reasons set

forth herein, the Court grants the motion with leave to replead.

## THE COMPLAINT

Plaintiff Combustion Products Management, Inc. ("CPM") is in the business of managing coal combustion by-products generated by coal-fired power plants. Defendant AES Corporation ("AES") is an independent power producer with principal offices in Virginia. Defendant AES-Puerto Rico L.P. ("AES-PR") is a subsidiary of AES with principal offices in Puerto Rico.

In its complaint, CPM claims that in Winter 1998, CPM entered into an arrangement with David Sundstrum, then project manager for AES-PR, whereby CPM would provide AES with a comprehensive summary of potential ash utilization options in the Caribbean. CPM received assurances that AES would sign an agreement providing CPM with the exclusive right to market all ash generated by "said plant" (presumably, AES-PR's plant). At some point, Sundstrum left the company. In May 1999, after CPM had engaged in substantial activity pursuant to the arrangement, AES informed CPM that it would not sign any agreement, nor would it reimburse CPM for its expenses. CPM also alleges that Al Dyer of AES-PR later agreed to reimburse CPM for this loss if CPM developed options; that CPM did develop options; but that AES-PR did not reimburse CPM.

The complaint further states that in May 2004, David Stone (his affiliation, if any, with AES or AES-PR is not explained) requested CPM to assist AES-PR in marketing its ash. In June 2004, after discussions with Stone and Al Dyer (of AES-PR), CPM entered into an agreement with AES-PR whereby, according to the complaint, "CPM at its own expense would develop potential options and present them to AES-PR. If the potential option looked viable, there would then be a maximum six month period to finalize the option and AES-PR then could accept or

reject it." The complaint claims that the parties agreed on certain guidelines, after which CPM began its efforts to develop options for AES-PR.

According to the complaint, Stone then requested CPM to "find a home" for 9,000 tons of ash. CPM did so. CPM alleges that it "lost about $10,000 on the movement, but was willing to absorb that loss due to the promises made by AES-PR on the basic, long-term relationship."

In September and November 2004, the complaint claims, CPM provided AES-PR with potential options in the Caribbean region. In December 2004, AES informed CPM that "it was terminating the agreement and CPM should cease all activities." Despite further contact between CPM and Stone, AES reiterated that the agreement was terminated.

The first cause of action seeks to recover $35,000 spent by CPM in reliance on the 1999 arrangement with Sundstrum of AES. CPM also alleges that Dyer on behalf of AES-PR later agreed to reimburse CPM for this loss.

The remaining causes of action appear to stem from the 2004 transactions. The second and third causes of action are for injunctive relief requiring AES to fulfill its obligations and precluding it from benefitting from CPM's efforts. The fourth cause of action is for $120,000 money damages based on AES' breach of its promises and representations. The fifth cause of action sounds in fraud and seeks compensatory and punitive damages.

## THE MOTION

**Standard on motion to dismiss**

In addressing defendants' motion to dismiss the complaint under Fed. R. Civ. P. 12(b)(6), the Court accepts as true the factual allegations of the complaint and draws all inferences in favor of the plaintiff. *See Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1174 (2d Cir. 1993).

Dismissal under Rule 12(b)(6) is proper only if it appears beyond doubt that plaintiff can prove no set of facts which would entitle it to relief. *See Valmonte v. Bane*, 18 F.3d 992, 998 (2d Cir. 1994).

**First through fourth causes of action: breach of contract**

It is black-letter law that "[i]n order to plead a breach of contract cause of action, a complaint must allege the provisions of the contract upon which the claim is based[.]" *Atkinson v. Mobil Oil Corp.*, 614 N.Y.S.2d 36 (2d Dep't. 1994). The first four causes of action all share the same infirmity – they do not clearly set forth the provisions of the purported contracts which have allegedly been breached by defendants. It is not enough to allege promises or breaches in vague, conclusory terms, nor is it sufficient to allege that defendants did not act in good faith. As written, the complaint fails adequately to allege specific breaches by defendants of specific contractual obligations.[1]

On their motion to dismiss these causes of action, defendants rely in part on a "Confidentiality Agreement" between CPM and AES-PR dated June 17, 2004. Defendants point out that the complaint does not allege that AES-PR breached its obligations under the June 17, 2004 Confidentiality Agreement, that is, there is no allegation that AES-PR disclosed any confidential information or failed to notify CPM upon becoming aware that such information had been improperly disclosed. Accordingly, defendants argue, they have breached no obligation to CPM. In the absence of a comprehensive merger clause, [2] however, the terms of the

---

[1] Indeed, there is substantial confusion regarding whether plaintiff charges AES or AES-PR or both with various alleged promises and breaches.

[2] In this respect, the Confidentiality Agreement provides: "This Agreement sets out the full

-4-

Confidentiality Agreement do not conclusively establish that CPM can prove no other agreement imposing additional obligations on defendants. However, as stated, the complaint as written does not clearly allege any such obligations or breaches.

**Fifth cause of action: fraud**

The fifth cause of action sounds in fraud and seeks compensatory and punitive damages. The necessary elements of a fraud cause of action are "a representation of material fact, falsity, scienter, reliance and injury[.]" *Small v. Lorillard Tobacco Co.*, 94 N.Y.2d 43, 57 (1999). The circumstances constituting the fraud must be pleaded in detail. *See* N.Y. C.P.L.R. 3016(b).[3] The complaint does not set forth in detail the alleged false representation of material fact on which plaintiff bases this claim; thus, the fifth cause of action fails properly to plead a claim sounding in fraud.[4]

Turning to the punitive damages element of the fifth cause of action, the Court observes that under New York law, punitive damages are recoverable for breach of contract only where such breach also involved a particularly egregious fraud that was aimed at the public generally. *See TVT Records v. Island Def Jam Music Group*, 412 F.3d 82, 94 (2d Cir. 2005); *Rocanova v.*

---

extent of <u>our obligations of confidentiality</u> owed to you in relation to the information [which is] the subject of this agreement." (Emphasis added.) Thus, it does not expressly rule out the possibility of other obligations by AES-PR in connection with the transaction.

[3] N.Y.C.P.L.R. 3016(b) provides: "Where a cause of action or defense is based upon misrepresentation [or] fraud, ... the circumstances constituting the wrong shall be stated in detail."

[4] If, as appears likely, plaintiff's fraud cause of action is based on the same allegations as its breach of contract causes of action, even a well-pleaded fraud cause of action will not be viable. *See Biancone v. Bossi*, 806 N.Y.S.2d 694, 696 (2d Dep't 2005).

*Equitable Life Assur. Soc. of U.S.*, 83 N.Y.2d 603, 613 (1994).  Punitive damages are recoverable for fraud only in cases of a high degree of morally culpable conduct.  *See Langevin v. Community Bank N.A.*, 642 N.Y.S.2d 427, 428 (3d Dep't 1996).  The complaint falls far short of alleging such conduct.

## CONCLUSION

Accordingly, the complaint is dismissed with leave to replead within 20 days of the date of this Memorandum-Decision and Order. If an amended complaint is not filed within that time the action will automatically be dismissed without prejudice.

It is therefore

ORDERED that defendants' motion to dismiss the complaint, Fed. R. Civ. P. 12(b)(6) is granted; and it is further

ORDERED that the complaint is dismissed with leave to replead within 20 days of the date of this Memorandum-Decision and Order; and it is further

ORDERED that if an amended complaint is not filed within that time the action will be automatically dismissed without prejudice without further order of the Court.

IT IS SO ORDERED.
March 3, 2006
Syracuse, New York

Norman A. Mordue
U.S. District Judge